NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  21-10294 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:19-cr-08019-DLR-1 |
| | 3:19-cr-08019-DLR |
| MELVIN JAMES, | |
| | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted February 7, 2023[**]
Phoenix, Arizona

Before:  HAWKINS, GRABER, and CHRISTEN, Circuit Judges.

Defendant Melvin James appeals the district court's judgment and

commitment order, seeking vacatur of his conviction and sentence.  James' plea

agreement included an appeal waiver, but he argues that his plea was involuntary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

because his relationship with his court-appointed counsel broke down. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo whether a defendant has waived the right to appeal. *United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016). An agreement to waive appellate rights is enforceable so long as the agreement covers the grounds of appeal and the waiver is knowing and voluntary. *United States v. King*, 985 F.3d 702, 710 (9th Cir. 2021). "To be voluntary, a plea must be one in which the defendant is permitted to choose between pleading guilty and undergoing a trial that comports with the fundamental principles the Constitution imposes." *United States v. Hernandez*, 203 F.3d 614, 626 (9th Cir. 2000), *abrogated on other grounds by Indiana v. Edwards*, 554 U.S. 164 (2008). James argues that his plea was involuntary because the district court left him with the unconstitutional choice "to plead guilty or proceed to trial with an attorney with whom he had become embroiled in an irreconcilable conflict." We disagree.

"When the court has appointed an attorney for an indigent defendant, the defendant, like all criminal defendants, has a constitutional right to effective counsel. But he does not have the right to the counsel of his choice." *United States v. Brown*, 785 F.3d 1337, 1343 (9th Cir. 2015) (emphasis omitted) (internal citation and quotation marks omitted). When a district court refuses to substitute counsel, we review for abuse of discretion and consider three factors: "1) the

timeliness of the motion; 2) the adequacy of the district court's inquiry into the defendant's complaint; and 3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir. 2005). None of these factors favor James.

First, James did not request substitute counsel in a timely manner. Although James filed his initial motion to relieve counsel in March 2020, more than seven months before the scheduled trial, he told the court in a June 2020 hearing that he had not requested another lawyer. James did not raise the issue again until October 2, 2020, a little more than three weeks before trial. He stated then that he wanted to keep his appointed counsel. After James' appointed counsel filed an additional motion to withdraw on October 6, 2020, the court found the motion untimely because the trial was less than three weeks away, the parties had already made travel arrangements for witnesses, and prospective jurors had already completed questionnaires.

Second, the district court engaged in an extensive inquiry regarding the alleged breakdown in the attorney-client relationship, conducting several hearings and providing James and his appointed counsel with multiple opportunities to explain their concerns.

Third, any breakdown in James' relationship with his appointed counsel was

entirely James' fault. In *United States v. Roston*, we held that the district court did not err in declining to appoint new counsel where the defendant did not trust appointed counsel and refused to communicate with him. 986 F.2d 1287, 1292–93 (9th Cir. 1993). Similarly, here, the district court did not err by declining to appoint new counsel where James had refused to listen to, trust, or collaborate with any of his three court-appointed lawyers.

The district court did not deny James' Sixth Amendment right to counsel or otherwise abuse its discretion by denying James a third opportunity to obtain a new court-appointed lawyer. Thus, James knowingly and voluntarily waived his right to appeal by pleading guilty pursuant to the plea agreement. Under these circumstances, although we retain jurisdiction to adjudicate this appeal, we give preclusive effect to James' plea agreement. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

**AFFIRMED.**